UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 8, 2020

LETTER TO COUNSEL:

    RE:    *Dawn G. v. Andrew M. Saul, Commissioner of Social Security*[1]
            Civil No. TJS-18-3426

Dear Counsel:

On November 16, 2018, Plaintiff Dawn G.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 14 & 17.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In her applications for DIB and SSI, Dawn G. alleged a disability onset date of March 1, 2016. (Tr. 14.) Her applications were denied initially and on reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on September 18, 2017. (Tr. 38-77.) In a written decision dated November 17, 2017, the ALJ found that Dawn G. was not disabled under the Social Security Act. (Tr. 14-27.) The Appeals Council denied Dawn G.'s request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Judge Stephanie A. Gallagher. On November 15, 2019, the case was reassigned to Magistrate Judge Deborah L. Boardman. On December 5, 2019, the case was reassigned to me.

The ALJ evaluated Dawn G.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Dawn G. was not engaged in substantial gainful activity and had not been engaged in substantial gainful activity since March 1, 2016. (Tr. 16.) At step two, the ALJ found that Dawn G. suffered from the following severe impairments: peripheral neuropathy, small fiber neuropathy, undifferentiated connective tissue disease, and chronic pain syndrome. (*Id.*) At step three, the ALJ found Dawn G.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 17-18.) The ALJ determined that Dawn G. retained the residual functional capacity ("RFC") to:

> lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently; stand and walk six hours and sit six hours in an 8-hour workday; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally stoop and kneel, but never crouch or crawl; have no exposure to unprotected heights; frequently use foot controls; perform simple, routine tasks, but not at a production rate pace; and have no more that occasional changes in the work setting.

(Tr. 18.)

At step four, the ALJ determined that Dawn G. was unable to perform past relevant work. (Tr. 23.) At step five, relying on the testimony of a vocational expert ("VE"), the ALJ determined that there are jobs that exist in significant numbers in the national economy that Dawn G. can perform, including marker, bagger, and cleaner. (Tr. 24.) Therefore, the ALJ found that Dawn G. was not disabled under the Social Security Act.[4] (Tr. 27.)

Dawn G. raises two arguments in this appeal. First, she argues that the ALJ erred by using an undefined term ("production rate pace") in her hypothetical to the VE and in the RFC determination. (ECF No. 14-1 at 9-12.) Second, she argues that the ALJ "wholly ignored" Dawn G.'s fibromyalgia diagnosis, contrary to SSR 12-2p. (*Id.* at 12-18).

After a careful review of the ALJ's opinion and the evidence in the record, I agree with Dawn G. that the ALJ's reliance on a hypothetical and an RFC that limited the claimant to performing work "not at a production rate pace" runs afoul of the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019), as amended (Feb. 22, 2019) (holding that an ALJ's description of work "requiring a production rate or demand pace" failed to give the court "enough information to understand what those terms mean," making it impossible for the court to consider whether the RFC that incorporated those terms was supported by substantial evidence).

In this case, the ALJ committed the same error as in *Thomas*. The ALJ's hypothetical and RFC determination limited Dawn G. to performing "simple, routine tasks, but not at a production

---

[4] In the decision, the ALJ also overruled Dawn G.'s post-hearing briefing objecting to the qualifications, methodology and basis for the vocational expert's opinions and testimony. The ALJ accepted the vocational expert's testimony "as reasonable and reliable expert vocational testimony regarding the specific jobs identified and the incidence of each job." (Tr. 27.)

2

rate pace." (Tr. 18.) The ALJ does not define the term "production rate pace" and the Court is uncertain what the ALJ meant by this term. This "makes it difficult, if not impossible," for the Court to determine whether the ALJ's decision is supported by substantial evidence. *Thomas*, 916 F.3d at 312 (4th Cir. 2019). I reject the Commissioner's argument that this error is harmless. Remand is required to allow the ALJ to more fully explain the RFC determination. *Id.* at 313 n.5 ("On remand, the ALJ will need to establish for how long, and under what conditions, [the claimant] is able "to focus [her] attention on work activities and stay on task at a sustained rate."). I decline to address Dawn G.'s remaining argument.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 14 & 17) are **DENIED**. Pursuant to sentence four of 42 U.S.C.§405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

        Sincerely yours,

        /s/
        Timothy J. Sullivan
        United States Magistrate Judge